Good morning, Kristin Martin and McCracken Stemmerman and Holsberry representing the appellants and I'd like to reserve four minutes of my time for rebuttal. This case is about whether employees of a Las Vegas casino that closed its doors without paying those employees can sue high-level managers of that casino for their unpaid wages. The answer depends on the plain language of Nevada's wage and hour law. Nevada's law, NRS 608.011, defines the word employer extremely broadly. It, quote, includes every person having control or custody of any employment, place of employment, or any employee. It is impossible to read this language as being limited only to an employee's common law employer and as defendants have pointed out in their brief, a different subsection of the Nevada revised statutes, NRS 0.039, defines the word person to mean both a natural person and a corporation and that definition is generally applicable throughout the Nevada revised statutes. I'd like to point out that that definition was enacted in 1985, the same year that the current version of NRS 608.011 was enacted, the same session. Now, if the Nevada legislator had wanted to limit liability for statutory wage claims to common law employers or to exclude corporate officers or directors, it would not have used the phrase every person when defining the category of potential defendants. It really depends on what they meant by every person. Now, there's a very easy way to define that without doing any harm to it. And that is every person was put in there so that something such as a partnership would be available. Usually, you have more than one partner. Every person would be every person pertaining to a partner and every person meaning every corporate person. And as you read the rest of 608, where it says an employer shall pay, an employer shall do this and that, you don't ordinarily think the manager is going to take out his checkbook to pay employees. So why shouldn't we just interpret this as including every person as every corporation, every partnership? Why would it go in to management personnel? There are several reasons. First of all, the definition of person is defined in the preliminary chapter of NRS, and that's 0.039. And that provision was enacted in 1985, the same year, the same legislative session as the language we're focused on here. And that language defines person, and I'll quote, "...except as otherwise expressly provided in a particular statute or required by the context, person means a natural person, any form of business or social organization, and any other nongovernmental legal entity, including but not limited to a corporation, partnership, association, trust, or unincorporated association." The term does not... All right. I understand that. But your argument was where it says every person must mean something other than a corporation. I'm just suggesting that the partnership explains that. And so I just wondered why we would extend it down the employee chain, maybe to the next supervisor, to the next supervisor. We've had two district court judges from Nevada that have interpreted this different. Correct? I know of one. Pardon? I know of one district court judge. I know there was a recent opinion that... There was this judge, and then there was an earlier disposition, an earlier opinion. Are you familiar with that? No. I know Judge Proh decided this case, and there was a recent decision in which the judge, who handled it, but who decided... Are you familiar with Westbrook v. GES exposition? I think that's the case I'm referring to. That's a very recent 2006 district court. That's Judge Dawson, who's a district court judge in Arizona. And he says, taking into account the economic reality of the circumstance of this case, none of the individual defendants, quote, control the purse strings, quote, quote, support the plaintiff's job, and he held it diametrically opposed to the position you're advancing today. So we've had two district court judges there that interpret the Nevada statute this way. I don't read the Westbrook decision that way. The judge in that case says the defendants don't control the purse strings, so they're not liable under either Nevada law or under the Fair Labor Standards Act. We know that these defendants are, I believe these defendants are liable under the Fair Labor Standards Act, where there's an economic reality test based on operational control and not based on whether someone is a common law employer in the traditional sense. This is obviously a very uniquely Nevada setup. What would be your position on certifying this narrow question to the Nevada Supreme Court? We don't have – wouldn't have any objection. Neither of the parties have requested that. We are anxious for a decision since these wages are due for – have been due for three years. But I'd like to point out that in one sense, this is a uniquely Nevada setup. This is – this language is only found in the Nevada statutes. But many, many States have laws that allow employees to sue corporate officers and directors, managers for unpaid wage claims. So it's not – we're not asking the Court to decide that Nevada is so unique that it's doing something that other States or even the Federal Government hasn't done with respect to the Fair Labor Standards Act. But I want to return to – defendants seem to concede that they are liable under the plain language of the statute. They don't argue that this language should be interpreted in any way to exclude them. They simply argue that it was repealed by implication by Nevada's limited liabilities corporation law. And there's two problems with that. First, that law, NRS 86.371, limits liability for members and managers of the corporation only. Defendant James Van Workham was not a member or the manager of the corporation VSS Enterprises that owned this casino. The complaint doesn't allege facts that would make him a statutory member or manager of that corporation. And he's not named on the form that one of the defendants attached to their motion to dismiss, which is at page 19 of the excerpts of record that name – that shows the Secretary of State filing for this corporation. So even under the second phase of your issue, that's the bankruptcy phase, Chapter 11, Chapter 7. The debtor is the one that should be paying. Do you have a definition of debtor in the bankruptcy context that means anything other than the corporation that put the business into bankruptcy? At the time that this defendant was operating, I'm not sure if I'm answering your question, but the time that these – the Fair Labor Standards Act wage claim came due and the other claims came due, the debtor was operating in possession. So these individuals, individual defendants – It wasn't he. It was a company. The company was operating it, but the individual manager still had operational control. They all – that's true with any corporation. It can't operate other than people. But you do have an argument on this every person, but that does not extend to the bankruptcy context. I wondered if there's a case where the corporation, this particular corporation goes into bankruptcy, they're the debtor, that that definition is extended to workers of the corporation, employees of the corporation. I'm not familiar with such a case. The only case I could find involving the question whether managers may be held liable under wage statutes even after a court – a company goes into bankruptcy is the Donovan v. Agnew case, which isn't directly on point, but the facts are there from the First Circuit in which managers are held liable under the Fair Labor Standards Act. Do you want to reserve the remaining time? May it please the Court. My name is Keith Rooker. I must tell the Court that I find myself in a somewhat odd position here because I've only been involved in this case for about the last three weeks. And when I first reviewed the briefs and the record of appeal, when I first became involved, I tasked some younger lawyers to help me understand some things. And I am glad that we are here on a de novo review today because I think there are a couple of issues on the Fair Labor Standards Act claim that need to be brought to the attention of the Court. With the Court's permission, I'd like to address that claim first. The claim under 29 U.S.C. section 206A first begins with the question whether an employer who has a contract – I'm leaving to one side the question of whether these individuals are liable because I want to deal with the base claim, if I may – whether an employer who has a contract with a union to pay employees, which is concededly a lot more than the minimum wage, is liable under the minimum wage law if the employer closes its door as an act of bankruptcy and then does not pay. My initial reaction to this was that that was preposterous. We've all heard of Enron, WorldCom, massive multinational bankruptcies. And has the Court heard of a claim in which 100,000 employees have brought a minimum wage claim on the ground that the unpaid wages at the time of filing the bankruptcy are due? Now, of course they're due in bankruptcy and the employees may file a claim in bankruptcy as the employees did here, although that's not a matter of record, but that is a fact. So I began with that proposition and then I found a case which I have a professional obligation to bring to the attention of the Court that has not been cited by plaintiff in this case. It is a decision of this Court in 1993, Biggs v. Governor Wilson, 1 Feb. 3, 1537. This is a case in which the state of California failed to pay a large number of highway maintenance workers because of a budget crisis. They were paid two weeks late. After they had been paid, an innovative plaintiff's lawyer brought an action seeking liquidated damages under 29 U.S.C. section 216A, an amount equal to the minimum wage for the period in which zero was paid. Attorneys' fees, costs, and prejudgment interest. The District Court sustained that claim and this Court in a three to two decision sustained that claim. So there is some obligation to bring that to the Court's attention. Counsel, we have rules that if you're going to call a court or a case to our attention, you file an advance and serve a copy so we can read the case and the other counsel can be prepared. I understand that, Judge Wallace. This is adverse to my position. Did you make this argument in your brief? This isn't an argument, Your Honor. It is calling to your attention a case that is. You're doing that at the end, of course, but you made an argument before you got to that point. Yes, the. Did you make that argument in your brief? No, but I think because, Your Honor, this is a de novo review, the question is whether the complaint states a claim. Now, let me mention two other things. Well, let me just get your position. You don't contest that your clients were employers under the Fair Labor Act. No, I do contest that. That they were employers under the Federal Act as well as the State Act. Federal Act as well. I said in connection with the first point I wanted to address. That certainly didn't come clear in your brief. No, it doesn't. I concede. So we have this other principle in addition to the one Judge Wallace mentioned, that if you don't make an argument in your brief, you waive it. So we're now in this very odd position where you not only are changing position, but you're now changing theories. And we're in the court of appeals. We're not even in briefing stage. I understand that, Your Honor. And if the court wants me to stop, I will certainly stop. Because I understand all the principles the court has talked about. If I may mention. You have choice, but you know our rules. And you know the principles that we have to operate under in terms of fair notice. I understand. Let me make two more points about the FLSA claim. The first is that the definition of employer under the FLSA is a person, other than the actual employer, is a person who acts on behalf of the employer in relation to employees. The court can look at the complaint in this case. There are no allegations that would satisfy that requirement. They're simply absent. How do you account for the existence of the word custody in this? It's not in the Federal Act, Your Honor. It's in the State Act. Yeah, that's what we're talking about, I thought. No, count three or the third claim in this case, actually count four, is actually a claim under the Federal Act only. No, but I assume your argument is that this was not to extend beyond the liability of the corporation or its agents. And custody is not a word that's associated with agency. So I was curious how you accounted for that. Well, that is on the state law side. But I could not agree more with Judge Wallace, the content of Judge Wallace's question to Ms. Martin, that the statutory definition in the Nevada Act simply does not reach members or management of the limited liability company that is the real employer in the absence of compelling facts. Who is somebody that has custody of these employees? Well, I we're talking, that's what the statute is talking about. I hope the Court doesn't expect me to explain to the Nevada legislature. Well, you would have to explain is what we're faced with, and that is, you know, custody and control. And we operate under the principle that every legislature, including the Nevada legislature, doesn't put in words that are surplusing. So it must mean something. So what do you think it means? I think the simple answer to the interpretation of the Nevada statute, it is that it is intended to make clear that everybody has an employer under Nevada law. And that employer is the person who has custody or control of the place of employment, or of the employees, or of the employment itself. It is not intended to say there are 85 employers in every case, just because there are people who are agents who act on behalf of the employer. It seems to me that there is an area for disagreement as to meaning. If I understand correctly, the Nevada Supreme Court has never given us a definition. Have the parties talked about the possibility of certification to the Nevada Supreme Court? No, that has not come up. There was no hearing on this matter before Judge Pro. He ruled without hearing, nor was there any effort on the part of the plaintiffs to exercise their Rule 15a right to file an amended complaint. Do you have a position on whether or not it would be worthwhile to certify this issue to the Nevada Supreme Court for a ruling? I think that is uniquely a question for this court, as well as for the district court. I respectfully suggest that, as Your Honor's question earlier to Ms. Martin suggested, there are two Nevada district judges, one of whom, Judge Pro, is a relatively new question, and the other, Judge Dawson, who is relatively newer, but who, by the way, spent many years as a justice of the peace, which is the Court of General Jurisdiction in Nevada, who is also deeply experienced in matters of local law, both of whom have determined that the definition urged by the plaintiffs in this case is not the appropriate definition. I think that should be sufficient, but if this court wished to certify that question, I certainly would not resist it, because I think it is uniquely a question for this court and for the district court. One final point I want to make, simply with regard to the FSLA, is I suspect all three of these members of this panel are aware, under Section 216a, any person desiring to file a minimum wage claim must file a written consent with the court. The filing of the complaint itself is insufficient. The Seventh Circuit has ruled on this. Probably the most articulate, the Ninth Circuit has not, probably the most articulate question, case on this as a Northern District of Illinois opinion, interestingly enough, and Judge Pro has ruled on it. There is no such consent on file in this case. So there's a condition precedent that hasn't been satisfied, and that's a matter of record, because you have the record before you. Let me turn, finally, to the union claim. The union is claiming that under the collective bargaining agreement, there was a duty on the part of the employer to VSS to check off dues and remit them to the union. It claims as an assignee, which is an interesting position. They do not assert a breach of contract claim. They do not assert a claim to pierce the veil of the limited liability company. So they stand in the shoes of the employees who are the plaintiffs here. If those plaintiffs have no claim under Section 608, then the union has no claim. I simply wanted to make that as a closing point. Thank you very much. Thank you. Ms. Martin, would you respond to the point that there isn't consent on file and that this may be required as a condition precedent? It's correct that there is not a consent on file. I understand that obligation, although I have not researched it recently, to apply to class members, because the Fair Labor Standards Act creates an opt-in class action procedure. This claim is on behalf of the plaintiff or one of the plaintiffs, Ardith Ballard, who brings the Fair Labor Standards Act claim. She's filed the complaint, so I don't know whether she had to file a separate piece of paper in the district court. I don't know of that requirement. It's never been raised before. Two quick points. Let me – that point was not raised in the district court? It was not. The only argument with respect to the Fair Labor Standards Act claim that was raised on the motion to dismiss in the district court was the argument that's raised in the brief here that somehow, because it was in bankruptcy, there's no longer liability. There was a point made that I'm not sure I understand about the existence of a collective bargaining agreement and its relation to the Fair Labor Standards Act claim. The plaintiff, Ardith Ballard, who brings the Fair Labor Standards Act claim was not a member of the bargaining unit represented by the union, so she was not covered by a collective bargaining agreement. And then I just – on the issue of whether the Fair Labor Standards Act allows liability to be imposed on these defendants, I'd refer the court to the Lambert v. Ackerley decision. It's an en banc decision of this court, and it's cited in our briefs. And the allegations in our complaint, I think, are sufficient to meet the standards set out in that decision, factual allegations. Thank you. Thank you, counsel, for your argument this morning. The case of Butcher v. Shaw is submitted. The next case for argument is Gallegos v. the Commissioner of Social Security.
judges: Wallace, Cudahy, McKeown